IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AARON SAMSON RILEY #620219 and JOSE BONELGES GUILLEN ALONSO # 599903, | )<br>)<br>)<br>) No. 3:24-cv-00860<br>) |
| Plaintiffs, | ) Judge Trauger |
| v. | ) Magistrate Judge Holmes<br>) |
| CPT. COREY SLUSHER, *et al.*, | )<br>) |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Aaron Samson Riley and Jose Bonelges Guillen Alonso, both in the custody[1] of the Davidson County Sheriff's Office in Nashville, Tennessee, filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983, alleging violations of their civil rights. (Doc. No. 1). Plaintiffs submitted an Amended Complaint. (Doc. No. 10).

### I. PLRA SCREENING OF THE AMENDED COMPLAINT

The Amended Complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and

---

[1] Plaintiff Riley identifies himself as a pretrial detainee in the initial complaint. (Doc. No. 1 at 1). Plaintiff Alonso's initial submission (Doc. No. 8) was in Spanish, and the court has no access to a Spanish translator. The Amended Complaint (Doc. No. 10) does not provide the status of either Plaintiff.

1

summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**A. Section 1983 Standard**

Plaintiffs bring their claims under 42 U.S.C. § 1983 which creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**B. Facts Alleged in the Amended Complaint**

The allegations of the Amended Complaint are assumed true for purposes of the required PLRA screening.

On October 5, 2023, Plaintiffs were assaulted by other inmates while in the custody of the Davidson County Sheriff's Office. Defendants Corporal Justyn Rhodes and Captain Corey Slusher were assigned to Plaintiff's pod, Charlie #1, on that date. Defendant Rhodes failed to complete security checks every half hour as required by the Davidson County Sheriff's Correctional Officers' handbook guidelines. Defendant Rhodes failed to account for and remove all cleaning supplies that were used in the assault. Defendant Slusher failed to monitor his subordinate, Defendant Rhodes.

The assault occurred in the restroom area of housing unit C-1. Plaintiff Riley was attempting to exit the crowded restroom area when he was struck from behind and slammed against the wall, causing him to lose consciousness. When he regained consciousness, he tried to get to his feet "while a flurry of kicks and punches struck [him] in the face, head, and back area." (Doc. No. 10 at 3). Plaintiff Riley was then hit "with the handle of an unscrewed push-broom stick left in the unit well after cell clean-up." (*Id*.) Plaintiff Alonso also was hit with the same broomstick handle during the incident.

Both Plaintiffs were taken to the hospital to receive treatment for their injuries. Plaintiff Riley sustained lacerations to the face, a concussion, and a bruised ribcage. Plaintiff Alonso's eye socket was ruptured.

The Amended Complaint does not state what relief is sought by Plaintiffs.

**C. Analysis**

As the court reads the Amended Complaint, Plaintiffs seek to impose constitutional liability against two jail employees because they allegedly failed to protect Plaintiffs from an attack by other inmates and/or failed to intervene in an ongoing attack. Although Alonso does not identify his custodial status, Riley identifies himself as a pretrial detainee. For purposes of the required

PLRA screening, the Court assumes that both Plaintiffs were pretrial detainees, rather than convicted prisoners, at the time of the alleged attack. This distinction is relevant because the Eighth Amendment's guarantee against cruel and unusual punishment applies to convicted prisoners, while the Fourteenth Amendment's Due Process Clause guarantees the rights of pretrial detainees to be free from punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Prison officials have a duty to protect inmates from violence by other inmates and to take reasonable measures to protect their safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Liability attaches to an officer's failure to protect an inmate only where the inmate demonstrates that he was "incarcerated under conditions posing a substantial risk of serious harm" and that the prison officials acted with deliberate indifference to the inmate's safety. *Id*. at 834. Historically, detainee and prisoner claims analyzed the deliberate indifference standard "under the same rubric." *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013). In *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), however, the Supreme Court eliminated the subjective intent element of a detainee's claim of deliberate indifference in the context of excessive force, holding that the relevant inquiry is whether the force purposely used was objectively unreasonable. *Id*. at 576 U.S. at 397-98. Considering *Kingsley*, the Sixth Circuit later modified "the subjective prong of the deliberate-indifference test for pretrial detainees" to hold that a pretrial detainee can establish deliberate indifference by proving "more than negligence but less than subjective intent — something akin to reckless disregard." *Brawner v. Scott Cnty.*, 14 F.4th 585, 596-97 (6th Cir. 2021) (citing *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016)).

More recently, the Sixth Circuit took "the position that a failure-to-protect claim by a pretrial detainee requires only an objective showing that an individual defendant acted (or failed to act) deliberately and recklessly." *Westmoreland v. Butler Cnty.*, 29 F.4th 721, 728 (6th Cir.

4

2022) (citing *Brawner*, 14 F.4th at 596). Specifically, liability attaches where the defendant officer "[1] act[ed] intentionally in a manner that [2] put[ ] the plaintiff at a substantial risk of harm, [3] without taking reasonable steps to abate that risk, and [4] by failing to do so actually cause[d] the plaintiff's injuries." *Stein v. Gunkel*, 43 F.4th 633 (6th Cir. 2022) (citing *Westmoreland*, 29 F.4th at 729).

With these standards in mind, the court finds that the allegations of the Amended Complaint are insufficient to allow the inference that either Defendant demonstrated reckless disregard to "an unjustifiably high risk of harm" to Plaintiffs by failing to prevent the attack. *See Brawner*, 14 F.4th at 596 (quoting *Farmer*, 511 U.S. at 836). While Plaintiffs alleged that Defendant Rhodes failed to complete security checks every half hour as required by jail policy[2] and failed to account for and remove all cleaning supplies that were used in the assault, Plaintiffs have not alleged any facts to indicate that Defendant Rhodes should have appreciated any particularized risk to Plaintiffs by failing to do so. Plaintiffs do not provide any facts that would indicate that either Defendant knew or should have known that the alleged inmate perpetrators had any ill intent toward Plaintiffs prior to this incident or had a history of attacking other inmates in the bathroom or in other locations within the facility. Further, Plaintiffs do not provide any facts that would indicate that either Defendant knew or should have known that the alleged inmate perpetrators, or any inmates, previously had used cleaning supplies to effectuate an attack on other inmates prior to this incident. In sum, Plaintiffs do not allege any facts from which "a reasonable officer in the circumstances would have appreciated the high degree of risk involved and the

---

[2] "It is well settled that alleged violations of state prison policies are not actionable under Section 1983." *Boyd v. Staggs*, No. 1:19-cv-00007, 2019 WL 295087, at *2 (M.D. Tenn. Jan. 23, 2019) (citing *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995)). Further, "no liberty interest subject to due process is created by TDOC policies and regulations." *Taylor v. Dukes*, 25 F. App'x 423, 424 (6th Cir. 2002) (citing *Rimmer-Bey*). Thus, a prisoner-plaintiff cannot proceed under Section 1983 based on a defendant's failure to follow TDOC policies. This same reasoning applies to a prisoner-plaintiff's claims based on a defendant's failure to follow jail policies, such as those raised by Plaintiffs here.

5

obvious consequences" of Defendants' conduct. *Westmoreland*, 29 F.4th at 730. *See Morgan by next friend Morgan v. Wayne Cnty., Mich.,* 33 F.4th 320, 327 (6th Cir. 2022) ("[a]n official who was unaware of a substantial risk may not be held liable under the Eighth Amendment."); *Davis v. Chorak*, No. 22-1839, 2023 WL 2487339, at *3 (6th Cir. Mar. 14, 2023) (assuming arguendo that plaintiff was a pretrial detainee, holding that attack "without warning" indicates lack of substantial risk and defendant officers were entitled to qualified immunity on plaintiff's failure to protect claims); *Young v. Phillips*, No. 3:22-CV-295-TAV-JEM, 2022 WL 4360848, at *3 (E.D. Tenn. Sept. 20, 2022) (finding no viable failure to protect claim under Section 1983 where plaintiff failed to allege that defendant "knew or should have known . . . that [assailant] had any ill intent toward [plaintiff]"). Therefore, the court finds Plaintiffs have failed to state a viable failure-to-protect claim under Section 1983 against Defendants.

With regard to Plaintiffs' claim based on Defendants' failure to stop an ongoing attack, the Sixth Circuit in *Patmon v. Parker*, 3 F. App'x 337, 338 (6th Cir. 2001), and this Court, in *Hamby v. Parker*, No. 3:17-cv-01596, 2018 WL 2264418, at *3 (M.D. Tenn. May 15, 2018), have noted that there is no duty under the Eighth Amendment to stop every assault in progress before injuries are inflicted. And prison guards have no constitutional duty to intervene in an armed assault by an inmate when the intervention would place the guard in danger of physical harm. *Patmon*, 3 F. App'x 337, 338. Thus, constitutional liability does not arise merely because an officer fails to act immediately or does not engage in every possible option in response to an inmate assault. *See Bowers v. Power*, No. 3:17-cv-01599, 2018 WL 1794730 at *7 (M.D. Tenn. April 16, 2018) (Crenshaw, J.) (finding that prison inmate did not state a failure to protect claim based upon mere allegation that prison guard failed to intervene to prevent attack on inmate by an unidentified assailant); *Brittain v. Clemons*, No. 4:09CV-P123-M, 2011 WL 2471587 (W.D. Ky., June 21,

6

2011) (defendant entitled to summary judgment based on failure to show subjective intent to cause harm, even assuming that defendant officer delayed for a few minutes prior to radioing for assistance to break up active prison fight).

Here, the Amended Complaint alleges that the inmates who attacked Plaintiffs used a broomstick handle as a weapon. As noted above, Defendants have no constitutional duty to intervene in an armed assault by an inmate when the intervention would place the guard in danger of physical harm. However, even if the Court did not consider the attack on Plaintiffs by multiple inmates using a broomstick handle to be an "armed assault," the Amended Complaint fails to allege the state of mind of Defendants. Even more importantly, the Amended Complaint does not even allege that Defendants were present at the scene when other inmates attacked Plaintiffs. There are no allegations, for example, that Defendants failed to respond to a call for assistance, took too long in calling for backup, or did not attempt to stop the attack. Without more, the Amended Complaint fails to state a Section 1983 claim upon which relief can be granted based on Defendants' failure to intervene in the inmate attack of Plaintiffs.

## II. CONCLUSION

Having conducted the screening required by the PRLA, the Court finds that the Amended Complaint fails to state claims upon which relief can be granted via Section 1983. Accordingly, this action is therefore **DISMISSED**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge